**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco    MORELOS–GRACIDAS,**
**a.k.a. Francisco Moreles, a.k.a. Fran-**
**cisco Morelos, a.k.a. Francisco More-**
**los–Gonzalez, Defendant–Appellant.**

**No. 13–10358.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 27, 2014.

Ann L. Demarais, Josh Alan Cummins Ackerman, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

George Herman Soltero, Esquire, Tucson, AZ, for Defendant–Appellant.

Francisco Morelos–Gracidas, Florence, AZ, pro se.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Francisco Morelos–Gracidas appeals from the district court's judgment and challenges the 37–month sentence imposed following his guilty-plea conviction for attempted reentry after deportation, in violation of 8 U.S.C. § 1326. We have ju-risdiction under 28 U.S.C. § 1291, and we affirm.

Morelos–Gracidas contends that the district court erred by failing to discuss its reasons for declining to give him a downward departure or variance for cultural assimilation. We do not review this claim except as part of our review of the substantive reasonableness of the sentence. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1004–08 (9th Cir.2012), *cert. denied,* —— U.S. ——, 134 S.Ct. 76, 187 L.Ed.2d 60 (2013). Contrary to Morelos–Gracidas's argument, the district court did not abuse its discretion in imposing his sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Morelos–Gracidas's criminal and immigration history. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.